UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JAMES R. HUBER and                  :
       JENNIFER L. ROTHENBERGER,    :     Case No. 16-13498REF
       Debtor                                  :     Chapter 13

# ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AT THIS TIME AND SCHEDULING FURTHER CONSIDERATION

AND NOW, this 19 day of April, 2017, upon the filing on March 7, 2017, by Riverfront Federal Credit Union ("RFCU") of its motion for relief from the automatic stay of Section 362, and upon RFCU's motion seeking leave for RFCU to exercise its state court rights to a vehicle that secures the debt owed to RFCU by Debtors, and upon Debtors' response to the motion, which response was filed on March 20, 2017, and upon the filing of a proof of claim as fully secured by RFCU, and upon RFCU's claim that Debtors have failed to provide adequate protection payments through their Chapter 13 plan, and upon Debtors treating RFCU as a creditor that is partially secured and partially unsecured (in accord with the value of the vehicle), and upon Debtors' intention to provide full payment to RFCU through their Chapter 13 plan, and upon the following facts relating to the value of the vehicle, which is the linchpin of this dispute:

1. Debtors own a 2013 Hyundai Santa Fe Utility 4D Sport AWD 2.0 L Turbo with approximately 45,000 miles (the "Hyundai");

2. RFCU has provided, through its Exhibit M-1, a NADA valuation page for the Hyundai, which sets out a valuation description and value grid that I adopt;

    a. The NADA valuation provides numerous valuations of the Hyundai depending upon its condition and the nature of the valuation;

    b. The major categories are Auction, Trade-in, Clean Loan, and Clean Retail;

    c. The sub-categories for Auction are Low, Average, and High;

    d. The sub-categories for Trade-in are Rough, Average, and Clean;

3. The only evidence relating to the condition of the Hyundai was the testimony of Debtor, Jennifer J. Rothenberger;

4. Ms. Rothenberger testified, and provided service records as Exhibit D-2, that certain serious repairs had been performed relating to (a) the Hyundai's transmission, (b) its electrical problems with the

door and starting, (c) its oil leak, (d) a smell of burning oil, and (e) a shift lever clip problem;[1]

5. All of the above five issues occurred and were successfully resolved[2] before the filing of Debtors' bankruptcy;

6. I consider the petition date as the date on which the value of the Hyundai should be determined and therefore none of the above five problems will be included in my analysis;

7. Ms. Rothenberger testified that the interior of the Hyundai was permeated with damage and the smells of rescue dogs who have been transported in the Hyundai (gratefully, she spared us a graphic description of the extreme odor that will exist from such usage), which smells are difficult, if not impossible, to totally alleviate;[3]

8. Ms. Rothenberger also described numerous nicks and scratches on the exterior of the Hyundai, explaining that she might not be considered a careful driver;

---

[1] These descriptions are those used by Ms. Rothenberger in her testimony, although she did not testify service invoice by service invoice. In her testimony, Ms. Rothenberger said nothing about the shift lever clip problem, but that repair is described on one of the service records in Exhibit D-2.

[2] Ms. Rothenberger provided no testimony or other evidence that any of the five service calls was ineffective in resolving the problems with the Hyundai. That is, each of the five service problems was fixed without re-occurrence.

[3] I draw on personal experience for this negative prognosis for completely removing the odor.

9. Finally, Ms. Rothenberger described what I take to be a unique incidence of low acceleration that she experienced in the Hyundai;[4]

10. I reject as wholly unsupported any valuation of the Hyundai as Auction High, Trade-in Clean, Clean Loan, or Clean Retail;

11. My valuation comes down to the dogs, although the testimony about the dogs and the Hyundai was sparse and provided only speculative guidance on the condition of the car today, almost a year after the petition date;

12. Although I truly appreciate the service Ms. Rothenberger performs in rescuing and caring for stray dogs, that long-term use has severely diminished the value of the Hyundai;

13. More importantly, I believe that the damage caused by the dogs will continue to reduce the Hyundai's value much more than general depreciation and time would ordinarily impose on the car;

14. Ms. Rothenberger has intentionally allowed her beneficent service to diminish the value of RFCU's collateral;

---

[4] Ms. Rothenberger testified about the acceleration problem without noting it was a former, current, or perpetual problem.

15. I find that the most appropriate description of the value of the Hyundai as of the petition date, almost a year ago, is Auction Average on RFCU's Exhibit M-1 - $17,481;

16. I also find that standard considerations of adequate protection and the value of the Hyundai are inappropriate in this case because the car will decrease in value more than normally would occur;

17. The degeneration and depreciation of the Hyundai has been and will be accelerated far beyond normal conditions;

18. Debtors propose to treat RFCU in their Chapter 13 plan by paying the full amount of RFCU's secured claim over time therein;

19. Debtors propose to treat the unsecured portion of RFCU's debt the same as other unsecured creditors; and

20. For me to intelligently determine whether the accelerated devaluation of RFCU's collateral adversely impacts its loan position, I need a further hearing to learn something about the monthly payments that Debtors allocate to RFCU's secured loan repayment, taking into consideration the extraordinary depreciation of the Hyundai.[5]

---

[5] It may well be that the monthly amount that Debtors propose to pay RFCU for its secured position is not adequate protection in light of the extreme wear and tear on the Hyundai.

IT IS THEREFORE ORDERED that the RFCU motion for relief from the automatic stay is DENIED at this time.

IT IS FURTHER ORDERED that a further hearing on the RFCU motion for relief from the automatic stay is HEREBY SCHEDULED for May 25, 2017 at 9:30 a.m.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge